■ In the Matter of BRUCE J. STARR et al., Respondents, v. ANTHONY DE ROCCO et al., Appellants.— Judgment of the Supreme Court, Westchester County, dated July 3, 1967, reversed, on the law and the facts, without costs, and permanent custody of the two infant children awarded to appellants, Anthony and Bernice De Rocco. The State Constitution (N. Y. Const., art. VI, § 32) provides that, when any court having jurisdiction over a child places it in the custody of any person, the child *shall* be placed, when practicable, in the custody of a person of the same religious persuasion as the child. We do not interpret this to mean that in all cases, regardless of circumstances, custody must be granted only to persons of the same religious faith as the child (cf. *Matter of Maxwell*, 4 N Y 2d 429, 434). We think this constitutional provision means more than a mere extension of authority

to exercise discretion as to the religious aspect in custody matters. That authority already existed without expression in the Constitution. When it was deemed of sufficient significance to declare the public policy in the fundamental law of our State, it appears obvious to us that it was intended that unless some compelling reason requires otherwise no child shall be placed with a guardian of a religious persuassion other than that of the child. Here there is no such compelling reason to avoid the constitutional mandate. There are available able and willing persons, blood relatives of the children, who profess the same religious faith as that of the children and against whom no cause for rejection exists. We therefore find that it was practicable herein, within the meaning of the constitutional provision, to follow the declared public policy; and hence it was error for the learned Special Term to exercise a judicial discretion that was not available to it in the circumstances disclosed. Christ, Acting P. J., Brennan and Munder, JJ., concur; Hopkins and Benjamin, JJ., dissent and vote to affirm the judgment, with the following memorandum:We fully agree with the excellent opinion of the learned Justice at Special Term and wish to add only these comments: The mother of these infants was the sister of Bruce Starr, to whom Special Term awarded custody. Bruce and his sister (the mother of these infants) were born of Jewish parents, but they both were thereafter baptized and confirmed as members of the Roman Catholic faith. The mother married one of the Roman Catholic faith. Bruce married a member of the Episcopal Church and then converted to that faith. At the hearing, Bruce testified that he would rear these infants as members of the Roman Catholic faith if the court so directs. In light of these circumstances, the fact that Anthony and Bernice De Rocco (the brother and sister-in-law of the deceased father) hold to the Roman Catholic faith is not controlling. Though the direction of the Constitution with respect to religious compatibility in awarding the custody of children is strong, it is not absolute. It obviously provides for the exercise of discretion, when circumstances require it. On this record, we cannot say that the exercise of discretion by Special Term was not warranted, particularly when Special Term held an extensive hearing, evaluated the merits of this difficult situation after observing and hearing the parties (cf. *Matter of Maxwell*, 4 N Y 2d 429) and awarded the children to relatives of equal degree of consanguinity with appellants.